**LOCAL JOINT EXECUTIVE BOARD OF CULINARY/BARTENDER TRUST FUND; Bartenders Union, Local 165; Culinary Workers Union, Local 226; Harvey McCoy; Ron Byford, Plaintiffs–Appellants,**

v.

**LAS VEGAS SANDS, INC., dba Sands Hotel Casino, Defendant–Appellee.**

**Local Joint Executive Board of Culinary/Bartender Trust Fund; Bartenders Union, Local 165; Culinary Workers Union, Local 226; Harvey McCoy; Ron Byford, Plaintiffs–Appellees,**

v.

**LAS VEGAS SANDS, INC., dba Sands Hotel Casino, Defendant–Appellant.**

No. 98–17065, 98–17322.

D.C. No. CV–96–00755–PMP/LRL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2000.

Decided April 11, 2001.

Before KOZINSKI, FERNANDEZ, and W. FLETCHER, Circuit Judges.

### MEMORANDUM *

We decide issues of state law in this unpublished memorandum disposition. Circuit Rule 36–3. We consider the issues of federal law this case presents in a published

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth

The district court concluded that Sands' payment of what it deemed to be appropriate WARN Act damages on July 18 was timely under Nevada law as to union employees, but *un*timely as to nonunion employees. We disagree with the district court in part. We believe that payment was timely as to all employees, not merely as to union employees.

Nevada Revised Statute § 608.020 provides that when "an employer discharges an employee, the wages and compensation earned and unpaid at the time of discharge shall become due and payable immediately." Section 608.040 further provides that if such payment is not made to a discharged employee within three days of discharge, the employer must compensate the employee at his or her regular rate of pay for up to 30 days. We must determine the date of "discharge" from which the three-day period runs. The district court concluded that discharge was June 30, the last day of actual work for Sands' employees. Sands contends, on the other hand, that discharge was July 15, the last day of the WARN Act period. If Sands is right, its July 18 payment was timely.

We agree with Sands. At least in the circumstances of this case, where the WARN Act period extended only two weeks beyond the last day of actual work, the end of the WARN Act period is the date of discharge. In making payment on July 18, three days after the end of the WARN Act period, Sands complied not only with the purpose of §§ 608.020 and 608.040, which require timely payment of wages, but also with the purpose of § 608.060, which requires that wages be paid twice monthly. Whether payment three days after the end of the WARN Act period is timely when that period extends more than two weeks beyond the last day of actual work is a question not before us. We are reinforced in our conclusion that

the WARN Act period may be treated as a pre-discharge period by § 612.420, which considers WARN Act damages to be wages for purposes of unemployment compensation.

Despite its conclusion that the date of discharge under § 608.020 was June 30, the district court concluded that Sands' July 18 payment was timely as to union employees because of provisions in the collective bargaining agreement. In light of our holding that the date of discharge was July 15, we need not reach that issue.

AFFIRMED in part and REVERSED in part on the question of timeliness of WARN Act payments under Nevada law.

opinion filed concurrently with this memorandum disposition.